UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RAFAEL MELLA-RODRIGUEZ,

Petitioner,

MEMORANDUM & ORDER
08-CV-2321 (JS)(ARL)

-against-

DAVID ROCK,

Respondent.
----------------------------------X

APPEARANCES:

For Petitioner: Rafael Mella-Rodriguez, Pro Se
03A5488
Eastern NY Correctional Facility
30 Institution Rd.
P.O. Box 338
Napanoch, NY 12458-0338

For Respondent: Glenn Green, Esq.
Assistant District Attorney
Criminal Courts Building
200 Center Drive
Riverhead, New York 11901

SEYBERT, District Judge:

Pro Se Petitioner, Rafael Mella-Rodriguez (“Petitioner”), commenced this action on June 10, 2008, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 22, 2009, this Court referred the matter to Magistrate Judge Arlene R. Lindsay. On July 12, 2010, Judge Lindsay issued a Report & Recommendation (“R&R”) recommending that the petition be dismissed in its entirety. For the reasons set forth herein, the Petition is DENIED.

## BACKGROUND[1]

Petitioner argues that the following grounds warrant habeas relief.

> 1. The petitioner was denied his constitutional right to a trial by jury by the trial judge's improper supplemental jury charge.
>
> 2. The trial court erred when it failed to suppress the evidence recovered from the search of the trunk of the Dodge Intrepid.
>
> 3. The petitioner was denied effective assistance of counsel when trial counsel failed to request the special circumstantial evidence charge and failed to object to the court's failure to give that charge.
>
> 4. The petitioner was denied his right to fair trial by the prosecutor's improper comments during summation.
>
> 5. The prosecution failed to prove the petitioner's guilt beyond a reasonable doubt. (See Pet. 1.)

In response, Respondent argues that the Petition should be denied because claims one, two, and four are either wholly or partly procedurally bared, and claims two, three, and five are without merit. (See Resp't Mem. 2)

## DISCUSSION

### I. Review of a Magistrate Report and Recommendation

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of

[1] For a complete discussion of the procedural and factual history of this case, see Judge Lindsay's R&R.

the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). However, if a party serves and files specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition, see FED. R. CIV. P. 72(b), the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b). When a party raises an objection to a magistrate judge's report, "the court is required to conduct a de novo review of the contested sections." See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt v. Police Officers William Joie and Thomas Fitzgerald, No. 96-CV-0324, 2002 U.S. Dist. LEXIS 3453, at *2 (Mar. 4, 2002) (citations omitted).

In this case, the Court will review Judge Lindsay's R&R de novo.

II. Procedural Default: Grounds 1, 2, and 4

When the state court's denial of the petitioner's claim rests on an independent and adequate state-law ground,

such as a procedural default, the district court is ordinarily barred from considering that claim on federal habeas corpus review. See Murden v. Artuz, 497 F.3d 178, 191 (2d Cir. 2007). Here, the Appellate Division denied as unpreserved for appellate review part of the Petitioner's second claim, that Officer Conway did not have probable cause to move the N.Y.P.D. shirt. People v. Mella-Rodriguez, 39 A.D.3d 671, 672 (App. Div. 2007). Additionally, the Appellate Division held that the Petitioner's first and fourth claims, that he was denied his right to a trial by jury because of the trial judge's supplemental jury charge and that he was denied his right to a fair trial because of the prosecutor's remarks during summation, were also unpreserved for appellate review.

Even when a claim is denied based on an independent and adequate state-law ground, a claim can nonetheless be reviewed on the merits if the petitioner establishes either (1) cause for failing to properly raise the claim in state court and actual prejudice from the alleged violation of federal law, or (2) that the failure to address the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 502 U.S. 722, 750 (1991). To show cause for his failure to properly raise the claim in state court, a petitioner must show "some objective factor external to the defense" prevented his efforts to comply with the state procedural rule. Murray v. Carrier,

477 U.S. 478, 488 (1986). To show prejudice, the petitioner must demonstrate that the alleged violation of federal law worked to his "actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). A fundamental miscarriage of justice results when the violation "probably resulted in the conviction of one who is actually innocent." See Murray, 477 U.S. at 496.

In this case, Petitioner has not made any argument as to the cause of his failure to raise any of these objections at trial, nor has he established his actual innocence. Accordingly, he has not overcome the procedural bar for his claim, and his first and fourth claims are not reviewable. Similarly, with regard to the moving of the tee-shirt, his second claim is unreviewable.

III. Review Under 28 U.S.C. § 2254(d)(1)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner when prior state adjudication of the prisoner's case "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth in

[Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005). A "state-court decision involves an unreasonable application of [the Supreme] Court's clearly established precedents if the state court applies [them] to the facts in an objectively unreasonable manner." Id. Clearly established Federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Yarborough v. Alvarado, 541 U.S. 652, 660-61, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004) (internal quotation marks omitted).

A. Fourth Amendment Suppression Claim: Remaining Ground 2

In order to deter law enforcement from disregarding the Fourth Amendment protection against unreasonable searches and seizures, evidence obtained in violation of the Fourth Amendment may be excluded at trial as a form of sanction. See Stone v. Powell, 428 U.S. 465, 492, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). In the context of federal collateral review of state-court convictions, however, the deterrent justification for such a sanction diminishes greatly, and so district courts have limited authority to inquire into Fourth Amendment claims brought by state habeas petitioners. See id. at 493-94; Gates

v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) ("The basic inquiry is whether the state prisoner was given the opportunity for full and fair litigation of his Fourth Amendment claim."). A state prisoner has not had a full and fair opportunity to litigate his Fourth Amendment claim in only two circumstances: "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

Petitioner has not established that New York lacks adequate protective procedures for redressing Fourth Amendment violations. The Fourth Amendment requires "only that the state courts provide an opportunity for full and fair litigation of a fourth amendment claim." Id. at 71. In light of this requirement, "federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. CRIM. PROC. LAW § 710.10 et seq., as being facially adequate." Id. at 70 n.1 (internal citations omitted); see Gates, 568 F.2d at 837 (detailing New York's procedural mechanisms for suppression of unconstitutionally obtained evidence).

Nor can Petitioner argue that an unconscionable breakdown in the underlying process precluded him from availing

himself of these facially adequate procedures. In response to Petitioner's motion to suppress, the trial judge held a hearing and Petitioner was able to cross examine Officer Conway and the other officers at the scene, as well as present his own evidence challenging the search. The Petitioner's attorney was given an opportunity to submit a post hearing memorandum of law and specify in detail the bases for suppressing the evidence found as a result of the search. After obtaining an adverse ruling, the Petitioner's attorney filed a motion seeking re-argument. This decision was reviewed on the merits and affirmed by the Appellate Division on direct appeal.

Thus, Petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim in state court. See, e.g., Williams v. Artus, 691 F. Supp. 2d 515, 529 (S.D.N.Y. 2010) (finding that petitioner had a full and fair opportunity where criminal procedure law afforded right to file a motion to suppress evidence, where petitioner's motion resulted in a pretrial hearing on the issue, and where the alleged violation was subject to review on direct appeal); Campbell v. Fischer, 275 F. Supp. 2d 321, 330 (E.D.N.Y. 2003) (finding a full and fair opportunity to litigate Fourth Amendment claim where a pretrial suppression hearing was conducted and petitioner also raised the issue on direct appeal). And even if the state court erroneously decided this issue, the claim is not cognizable on

habeas review. See Capellan v. Riley, 975 F.2d 67, 71 (2d. Cir. 1992). Therefore, because New York affords criminal defendants adequate remedial procedures, and because Petitioner was, in fact, afforded those procedures, this Court lacks the authority to review Petitioner's Fourth Amendment claim.

B. Ineffective Assistance of Counsel: Ground 3

1. Required Showing

The Sixth Amendment guarantees that in "all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. Further, "it has long been recognized that the right to counsel is the right to the effective assistance of counsel." United States v. Cronic, 466 U.S. 648, 654, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) (internal alterations omitted). To obtain reversal of a conviction on the basis of ineffective assistance of counsel, a criminal defendant must show: "that counsel's performance was deficient," and "that the deficient performance prejudiced the defense." See Strickland, 466 U.S. at 687.

With respect to the first prong of the Strickland analysis, the convicted person must show "that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In making its assessment, the court "must be highly deferential," evaluating decisions from "counsel's perspective at the time[,]" id. at 689, and indulging

"a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. In other words, the burden is on the claimant to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks omitted). Finally, while an attorney must consult with his client and obtain his consent with respect to such fundamental determinations as "whether to plead guilty, waive a jury, testify in his . . . behalf, or . . . appeal," counsel is not obliged "to obtain the defendant's consent to every tactical decision." See Florida v. Nixon, 543 U.S. 175, 187, 125 S. Ct 551, 160 L. Ed. 2d 565 (2004) (internal quotation marks omitted).

2. Petitioner Cannot Show Ineffective Assistance of Counsel or Prejudice

Here, counsel's conduct was reasonable. A review of defense counsel's summation shows that counsel argued that Petitioner "had nothing to do with [the kidnapping]." (Tr. at 1097, 1110.) Counsel also argued, "This may not have been a kidnapping. This may have been a situation, a business meeting." (Id. at 1107.) And counsel sufficiently attempted to impeach the prosecution's witnesses, recapping Petitioner's testimony that a police officer had kicked and kneed him, and counsel attributed the other police officers' denial of having

witnessed the beating to the "blue wall of silence." (Id. at 1135.)

But even if defense counsel's performance was unreasonable, Petitioner cannot show prejudice. In support of its case, the prosecution presented DNA evidence, the handgun, the bloody cell phone bill, the keys to the Lincoln, Rojas's ID, and the line-up identifications of Garcia and Rojas, all pointing directly to Petitioner as a willing participant in the kidnapping. In short, Petitioner has not shown how any alleged incompetence on the part of his counsel negated the weight of this evidence, or how a different result would have been reached.

C. Failure to Prove Petitioner's Guilt Beyond a Reasonable Doubt: Ground 5

Petitioner argues that the circumstantial evidence is insufficient to support a verdict of guilty beyond a reasonable doubt. Specifically, Petitioner argues that the DNA evidence found on the tee-shirts and baseball caps is consistent with his alternate theory of the case (e.g., the shirts and hats were used as baseball jerseys). Additionally, he argues that the telephone bills found in the Mercury van were dated March 24, 2002, predating the kidnapping by many months, and making their probative value minimal.

In People v. Sanchez, the New York Court of Appeals held that where the evidence against a defendant is entirely circumstantial, "the jury should be instructed in substance that it must appear that the inference of guilt is the only one that can fairly and reasonable be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence." 61 N.Y.2d 1022, 1023 (1984). During Petitioner's trial, the court instructed the jury, "[i]f two inferences may be drawn from the same evidence and one is consistent with guilt and one is consistent with lack of guilt, the defendant is entitled to the inference consistent with lack of guilt." (Tr. at 1193.) As the R&R points out, this instruction clearly conveys to the jury the substance of the Sanchez rule; guilt cannot be established where an inference could be drawn from evidence that supports a lack of guilt.

The Due Process Clause of the Fourteenth Amendment requires a jury to find proof beyond a reasonable doubt of every fact necessary to constitute the crime when a defendant is charged. See Jackson v. Virginia, 443 U.S. 307, 315 (1979) (quoting In re Winship, 397 U.S. 358, 364 (1970)). But reasonable doubt is not a precise concept, and sufficiency review of a jury verdict is both general and deferential. Policano v. Herbert, 453 F.3d 79, 92 (2d Cir. 2006). In reviewing such a claim, the court must examine the record and

determine whether the evidence, viewed in the light most favorable to the prosecution, could reasonably support a finding of guilt beyond a reasonable doubt. Jackson, 443 U.S. at 318; Policano, 453 F.3d at 92.

Here, Petitioner provided an alternate theory that explains the DNA evidence on the shirts and hats. However, his theory only attacks a mere fraction of the total evidence, and the Court must consider the evidence as a whole. When considering Petitioner's proximity to the kidnapping, the DNA evidence, the handgun, the N.Y.P.D. shirts and hats, the police badges, Rojas's ID, the police line-up identifications and all of the other evidence, the Court finds that there was ample support for the jury's guilty verdict.

## CONCLUSION

For the reasons stated above, the Court ADOPTS Judge Lindsay's R&R and DENIES the Petition. Furthermore, the Court will not issue a certificate of appealability pursuant to FED. R. APP. P. 22(b) and 28 U.S.C. § 2253(c)(2), as Petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 334, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October 22, 2010
Central Islip, New York